UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Matthew E. Ortiz
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

City of New York / Unknown Officers
_____

17 CV 3244

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

2017 MAY -2 AM 10:37 RECEIVED SDNY DOCKET UNIT

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   Matthew E. Ortiz
            ID #    15A2555
            Current Institution   Franklin Correctional Facility
            Address   62 Bare Hill Road P.O. Box 10
                      Malone, NY, 12953

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _The City Of NewYork_____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 2    Name _All Unknown Officers_____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 3    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 4    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 5    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

II.     **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur? _____
_____

B.      Where in the institution did the events giving rise to your claim(s) occur? _____
_____
_____

C.      What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

Reduced From:
-- False Personation
PL 190.23   Class B Misdemeanor NCIC 2604

**Sentenced to:** Term: Time Served
**Sentence Date:** June 30, 2016

June 30, 2016
**Sealed Upon Non-Criminal Conviction CPL160.55**

### ⬇ Cycle 19 ⬆

## Arrest/Charge Information
Arrest Date: September 29, 2015 04:32 am (04:32:00)

| | |
|---|---|
| **Name:** | MATTHEW E ORTIZ |
| **Date of Birth:** | January 20, 1991 |
| **Sex:** | Male |
| **Race:** | White |
| **Ethnicity:** | Hispanic |
| **Height:** | 5' 07" |
| **Weight:** | 170 |
| **Age at time of crime/arrest:** | 24 |
| **Address:** | 1273 WEBSTER AVENUE, BRONX, NY |
| **Fax Number:** | M46596 |
| **Place of Arrest:** | NYCPD 26 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | September 29, 2015 |
| **Place of Crime:** | New York County, NY |
| **Criminal Justice Tracking No.:** | 67337800P |
| **Arresting Agency:** | NYCPD PCT 026 |
| **Arresting Officer ID:** | 957679 |
| **Arrest Number:** | M15673095 |
| **Arraignment:** | New York County Criminal Court |

*[Handwritten note: Case Dismissed per 160.50 Turn to back of paper]*

**Arrest Charges:**

-- Intent To Obtain Transportation Without Paying
PL 165.15   Sub 03   Class A Misdemeanor Degree 0 NCIC 2699

## Court Case Information

--**Court:** New York County Criminal Court   **Case Number:** 2015NY063359

September 29, 2015
**Initial Report Of Docket Number**

September 29, 2015
**Arraigned**
-- Intent To Obtain Transportation Without Paying

9/29/2016

## Facts of incident

At roughly 3:30 Am, Aaron Smith and I (Aaron was the person I came to the club with), exited the Sin City night Club located in bronx, NY. we then stood on the public sidewalk. where multiple cabs where parked, Trying to acquire services from one of the many private cab drivers. Hoping they would provide us transportation to the Bushwick section of Brooklyn. After being turned down by multiple cab drivers because they stated they didn't want to travel so far. we then secured transportation transportation to Bushick. we spoke with a Foreign accent cab driver that agreed to take us to Madison Street located in the Bushwick section in Brooklyn. The Cab driver the informed us before we can be transported we will have to pay the fare first. I then asked him how much and he the stated 65$ including the toll. Since I had 80$ left on my person and the cab driver the stated he didn't have any change to give me for the odd 20$ bill. I the re-entered Sin City bought a shot of Hennessy and existed with 6 #. When I existed my friend Aaron was still conversing with the cab driver. I then handed the 6 # to Aaron and

subsiquently handed it to the cab driver. At that moment the cab driver told us to "Get in". He asked us do we want our change back, stating "you hand me 2$ dollars more". I then chuckled stating "No keep the change I just wasn't pay you a 15$ tip, it's already ls$". My friend and I was so drunk from our night in Sin City. We fell asleep in the back of the cab. The cab driver awoke us, stating "your here". We the looked around and noticed we was on Madison Ave in Manhatten. We told the cab driver "you must be mistaken, we said Madison in Brooklyn. The cab driver then told us "No you guys said Manhatten, Get out. The cab driver then became belligerant stating "get out before I get police". The cab driver then kept driving and pulled over in the presence of police. He informed them that we didn't want to exit his vehicle and that he took us to our destination. We told the "Police" Officer we told the driver to take us to Madison Street in Brooklyn, this is Madison Ave in Manhatten." We further informed the officer "we paid him to take us to Brooklyn, can you please tell him to take us to our original destination, in which we paid for". The cab driver

then stated "No they say Manhatten, can I leave officer, I take them where he want to go". The officers then placed us under arrest and told the cab driver you can leave sir". The cab driver took off and I was then taken to the precint. Where I was in a holding cell that was over crowded with privacy, no showers, no change of clothing, feed unhealthy food during the brief time I was there. The cell didn't have no toilet and reeked of urine. I was then transported to Manhatten bookings where I was released on a R.O.R. ON the same day of arrest on september 29th, 2015. The charges was the subsequently dismissed persant to C.P.L 160.50 on March 13, 2016.

**False Arrest Claim**

## Claim #1: False Arrest

My 1983 Claim for false arrest derives from my forth amendment right to remain free from unreasonable seizures, which includes the right to remain free from an arrest absent of probable cause (Weyant v. Okst; 101 F.3d 845 (2d Cir 1996). An officer has probable cause to arrest when he or she has "knowledge of reasonable trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution and the belief that the person to be arrested has committed or is committing a crime" (ID; see also Dunaway v. New York, 442 U.S. 200 (1979). Under New York law, a police officer may arrest an individual when the officer has probable cause to believe that the individual has committed a petty crime or offense, including a violation, in his presence and in his geographical area of employment. (See New York Criminal Procedure Law § 140.10 (2)(A); § 1.20 (39)).

**Complete Defense to False Arrest Claim**

Under the forth amendment, a warrantless arrest is constitutionally valid if the arresting officers had probable cause to make the arrest at the time of the arrest (See

Beck v. Ohio, 379 U.S. 84, 91 (1964); see also Gerstein v. Pugh, 420 U.S. 103, 111-12 (1974); Brinegar v. United States, 338 U.S. 160, 165 (1949). The existence of probable cause serves as a legal justification for an arrest and an affirmative defense to a false arrest claim (see Martinez v. City of Schenectady, 97 N.Y. 2d 78 (2001).

**Lack of Probable Cause**

Lack of probable cause to arrest or prosecute is an essential element of false arrest, (see Rivera v. City of New York) 40 A.D. 3d 334 (2007)). Penal Law 165.15 Penalizes citizens for trying to obtain transportation without paying. Now at the time I was placed under arrest, I was not guilty of obtaining transportation without paying. I did infact pay and the cab driver mistakenly took me to the wrong address, informing the officer that he spoke to that he transported me to the right address and wanted to leave. I payed to be transported to Brooklyn and subsiquently after paying the cab driver, the cab driver made a error and transported me to manhatten. When I was arrested I did pay and only wanted the cab driver to transport me to the correct

address. The Officer did not have probable cause or sufficient amount of evidence to place me under arrest for trying to obtain transportation with out paying nor did the cab driver inform the officer I didn't pay. The only dispute between me and the cab driver was in fact he took me to the wrong address.

under 1983

Monell Liability against
The City of New York

By the City of New York not requiring the NYPD to wear Body Cams equipped with audio/video, they allowed the NYPD to fabricate events leading to citizens arrest, which violates inhabitants of the City constitutional rights to the degree that the practice is so wide spread it has the force of law. Now if the NYPD were required to wear body cams equipped with audio/video at the time of my arrest. It would would of showed conclusive evidence that the plantiff did in fact pay for his fare and the only dispute between the plantiff and the cab driver was that the cab driver didn't transport the plantiff to the correct destination. Which this lack of supervision by not requiring NYPD officers to wear these devices, allowed the officers that arrested me to fabricate that I did not pay for my fare and place me under arrest.

x [signature]

D.   Facts: _____

**What happened to you?**

**Who did what?**

— See Attached —

**Was anyone else involved?**

**Who else saw what happened?**

III.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them, and state what medical treatment, if any, you required and received.   No injuries

IV.   **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

*Rev. 05/2010*                                                   5

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes \_\_\_\_  No ✓

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes \_\_\_\_  No \_\_\_\_  Do Not Know \_\_\_\_

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes \_\_\_\_  No \_\_\_\_  Do Not Know \_\_\_\_

If YES, which claim(s)? _____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes \_\_\_\_  No \_\_\_\_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes \_\_\_\_  No \_\_\_\_

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.  Which claim(s) in this complaint did you grieve? _____

_____

2.  What was the result, if any? _____

_____

3.  What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here: _____

*Rev. 05/2010*                                             6

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: _____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I'm suing the City of New York for 1 million dollars in compensatory damages and I'm suing the individual officers for 1 million dollars in punitive damages and 1 million compensatory damages for the violation of my constitutional rights.

VI. **Previous lawsuits:**

<div style="border:1px solid;">On these claims</div>

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ✓

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____N/A_____

Defendants _____N/A_____

2. Court (if federal court, name the district; if state court, name the county) __N/A__

3. Docket or Index number _____N/A_____
4. Name of Judge assigned to your case _____N/A_____
5. Approximate date of filing lawsuit _____N/A_____
6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____N/A_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

<div style="border:1px solid;">On other claims</div>

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ✓

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) N/A

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26 day of April, 2017

Signature of Plaintiff _[signed]_

Inmate Number _____

Institution Address _____

**Note**: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 26 day of April, 2017, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _[signed]_



USM P3
SDNY

ATTN:

Pro se Office
United States District Court
Southern District of New York
500 Pearl Street Room 230
New York, New York, 10007



ATTN:

LEGEL

