UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW E. ORTIZ,

      Plaintiff,

 – against –

CITY OF NEW YORK, UNKNOWN OFFICERS,

      Defendants.

**OPINION & ORDER**

17 Civ. 3244 (ER)

Ramos, D.J.:

  On May 2, 2017, Plaintiff Matthew E. Ortiz, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants City of New York and multiple unknown officers claiming false arrest. Doc. 2. On June 29, 2017, Ortiz sent a letter informing the Court that he had been paroled and advised the Court as to his current address. Doc. 7. That letter was the last communication Ortiz had with the Court.

  On May 2, 2018, Defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim. Doc. 16. Ortiz failed to respond to Defendants' motion by the June 5, 2018 deadline. In view of his *pro se* status, the Court granted Ortiz an additional four weeks to respond to the motion. Doc. 21. In the order granting Ortiz an extension, the Court advised Ortiz that "failure to comply with the Court's order may result in adverse action, including dismissal of Plaintiff's action for failure to prosecute." *Id.* The order was mailed to Ortiz at the address he provided in his June 29, 2017 letter.

  Ortiz has again missed his deadline to respond. As a result, the Court hereby dismisses his case with prejudice on the ground that he has "fail[ed] to prosecute [and] to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 629

(1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In considering a dismissal under Rule 41(b), courts weigh the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 92d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Each factor warrants dismissing this case with prejudice. First, Ortiz has failed to respond to the City's motion to dismiss for seven months. *See* Doc. 16. Second, this failure is notwithstanding that the Court explicitly warned Ortiz that his continuing failure to respond may result in the dismissal of his case with prejudice. *See* Doc. 25. Third, the City has waited months for Ortiz's response and will be prejudiced by further unreasonable delay. Fourth, the Court's interest in efficiently managing its docket outweighs Ortiz's interest in litigating his case, which he has neglected for seven months. And fifth, lesser sanctions, such as warnings or dismissal without prejudice, are not sufficient because Ortiz has repeatedly ignore the Court's orders.

Accordingly, the Court dismisses Ortiz's claims with prejudice. The City's motion to dismiss is therefore DENIED as moot. The Clerk of Court is directed to close the motion, Doc. 16, and to close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: January 14, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.